## WM. PARDUE *v.* THE STATE.

CRIMINAL LAW. *House breaking. Indictment for.* An indictment charged that the prisoner, "unlawfully and feloniously did break open the store-house of . . . . . . . . for the purpose of committing a larceny, and then and there unlawfully and feloniously did take, steal, and carry away," etc.

*Held,* Upon the proper consideration of the Act of November 23, 1871, that the omission to charge that the specific offence alleged in the indictment was done with intent to commit the same, is not material.

In such case, the actual commission of the offence being charged and described in the indictment in proper language, carries with it the evidence of the intention of the perpetrator to commit.

Cases cited: 3 Heisk., 483; Adkinson, *alias* White, *v.* The State, MSS.; Commonwealth *v.* Hope, 22 Pick., 1.

Code cited: ¿4672.

Authorities cited: 1 Whar. A. M. C. L., ¿372; 2 Arch., Cr. Pr. & Pl., 263–65–66–67; 11 N. II., 269.

### FROM PUTNAM.

Appeal from the Circuit Court. SAMUEL M. FITE, Judge.

A. A. SWOPE for PARDUE.

Attorney-General HEISKELL for the State.

DEADERICK, J., delivered the opinion of the Court.

In the opinion heretofore announced the indictment was held sufficient to sustain a conviction under the Act of November 23, 1871, which is in these words: "Whoever shall break and enter into the business-house, out-house, or any other house of another, other than a mansion-house, with intent to commit a felony, shall be imprisoned in the penitentiary not less than three nor more than fifteen years."

The indictment charged that Pardue "unlawfully and feloniously did break open the store-house of Geo. W. Kinnaird, situate in said County and State, for the purpose of committing a larceny, and then and there, unlawfully and feloniously, did take, steal, and carry away," etc.

As an indictment under the Statute for "breaking and entering" "with the intent to commit a larceny," we held that the larceny intended to be committed should have been defined, or rather, that the offence should have been described by stating the ingredients necessary to its consummation, and that it was not sufficient to state that in these words: "with intent to commit a larceny." And we further held, that the allegation that the said Wm. Pardue "then and there, unlawfully and feloniously, did take, steal, and carry away," was the charge of a substantive offence, and not a charge of entering and breaking "with the intent to commit a larceny," or part of that charge,

there not being any sufficient legal charge in said indictment that the said Pardue broke and entered the store-house with the intent to commit the larceny charged in the latter part of the indictment. As an indictment for larceny, it was intimated that it was sufficient. But as an indictment for burglary, or, under the Statute, for breaking and entering the business-house of another, we held it insufficient, because it did not define and set out the offence, in appropriate words of description, which was intended to be committed. This holding was sustained by the case in 3 Heisk., 483; 1 Whar. A. M. C. L., §372, and the MSS. case at the present Term of *Adkinson, alias White,* v. *The State.*

But in this case it is insisted, that the intent to commit a felony need not be averred where it is alleged that a felony was in fact committed after the breaking and entering. In 2 Arch., 265–6, it is said, that in an indictment for burglary the intent must be stated, and it must be to commit a felony, and if a felony has been committed, the intent is usually stated to have been to commit that felony. It is then added, " but it seems that an indictment for burglary may, in this respect, be drawn in three ways: 1. Stating the breaking and entry to be to commit a felony. 2. Stating the breaking an entry, and a felony actually committed. 3. Stating the breaking and entry, with intent to commit a felony, and also stating the felony to have been actually committed." The author adds, " The latter is the preferable mode, and that always

adopted in practice," and the form of the indictment for burglary in vol. 2, 263, Arch. Cr. Pr. & Pl., is in conformity with the third or last mode mentioned— the breaking and entering by A. B. is charged to have been with the intent, the goods, etc., of said C. D., in the said dwelling-house, then being, etc., "feloniously and burglariously to take, steal, and carry away" the said A. B. then in said dwelling-house (one coat, etc.), did take, steal, and carry away, etc.

Where the "intent" must be stated, it must be done by words descriptive of the offence, and not by the Statutory or common law name, only.

The text already referred to, 265 Arch., and notes on that page and on page 266, sustain the proposition that in an indictment for burglary, the intent to commit a felony need not be averred where a felony is charged to have been committed after breaking and entering—the actual commission of the felony standing as sufficient evidence of the intent with which the breaking and entering was done.

In 11 New Hamp., 269, it was held that the better practice is to charge in the indictment that the breaking and entering was with the intent to steal, or to commit other felony. Yet, where the felony has been actually committed, to allege the commission is a sufficient allegation of the intent to commit.

In the case of the *Commonwealth* v. *Hope*, 22 Pick., 1, Chief Justice Shaw delivering the opinion of the Court, in a case charging breaking and entering a dwelling-house, with intent to steal, and actually steal-

ing therefrom, it is said, that "although in a certain sense such an indictment charges two offences," each of which might be the subject of a separate indictment, yet this has long been the established mode of proceeding in burglary, and it is "believed that no instance can be found where there have been two punishments on such an indictment, and, therefore, such an indictment is not subject to the charge of duplicity." "Upon a general conviction, the jury finding all the averments to be true, the charge of larceny is considered as embraced in the charge of burglary, and one punishment is imposed as upon one combined offence." And upon such an indictment the "accused may be convicted of the whole, or of the burglary, or the larceny." In this case it is also held, where the larceny is charged to have been committed, it is equivalent to a charge of the intent in the indictment.

The Act of November, 1871, defines the offence of breaking and entering the "business-house," etc., in the same terms as those employed in §4672 of the Code defining larceny, which is the common law definition of that offence. 2 Arch., 267.

Under the authorities cited, upon a reconsideration of the question, we hold, that when the indictment charges the commission of the offence in appropriate language, and fails to aver the intent to commit that offence, that the charge of the actual commission of such offence is equivalent to a charge of the intent to commit.

We have also re-examined the records, and conclude

that there was error in the opinion heretofore pro-
nounced, and in the judgment of reversal entered at a
former day of this Term, and direct that that judg-
ment be vacated and annulled, and that the judgment
of the Circuit Court be affirmed.